

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-79,360-01

## EX PARTE MANUEL VELEZ

## ON APPLICATION FOR WRIT OF HABEAS CORPUS
## CAUSE NO. 07-CR-721-G IN THE 404TH JUDICIAL DISTRICT COURT
## CAMERON COUNTY

*Per Curiam*.

## OPINION

This is a post-conviction application for writ of habeas corpus filed pursuant to the

provisions of Texas Code of Criminal Procedure article 11.071. Applicant was convicted in

October 2008 of capital murder committed in October 2005. TEX. PENAL CODE ANN. §

19.03(a)(8). Based on the jury's answers to the special issues set forth in the Texas Code of

Criminal Procedure, Article 37.071, sections 2(b) and 2(e), the trial court sentenced him to

death. Art. 37.071, § 2(g).[1] This Court affirmed applicant's conviction on direct appeal and reversed and remanded for a new punishment hearing. *Velez v. State,* No. AP-76,051 (Tex. Crim. App. June 13, 2012) (not designated for publication).

Applicant's grounds for relief challenge the validity of his conviction and sentence. Applicant's challenges to the validity of his sentence are moot because his sentence has been reversed. However, his conviction remains subject to challenge. After identifying disputed issues of fact material to the validity of applicant's conviction, the trial court held an evidentiary hearing with respect to applicant's allegations of actual innocence, ineffective assistance of trial counsel, and prosecutorial and judicial misconduct.

Applicant's primary defenses at trial were that he did not have access to the victim when the victim was injured, and that the victim's mother inflicted the fatal injuries. However, defense counsel failed to present evidence in support of these defenses. Counsel also failed to challenge the State's expert witnesses' opinions that all of the victim's injuries were sustained within the last two weeks of his life while he was living with applicant, and that the fatal head injuries were caused by swinging or slamming the victim into a hard, flat surface no more than a few hours before he was found unconscious.

Lead defense counsel is deceased, but co-counsel testified at the habeas hearing and acknowledged that the defense team did not make a reasonable investigation into the age of the victim's injuries or the possibility that someone other than applicant injured the victim,

---

[1] Unless otherwise indicated all references to Articles refer to the Code of Criminal Procedure.

and they did not make a reasonable decision that made investigation unnecessary.

At the habeas hearing, applicant also presented the testimony of several expert witnesses, including some who were State's witnesses at the time of trial, to the effect that some of the victim's head injuries were or could have been sustained weeks or months before applicant had access to him. They also testified that these old head injuries made the victim more susceptible to a new injury, so that even a minor head trauma or impact could have been catastrophic. They reviewed the victim's medical records and noted that his head circumference increased rapidly over the last four months of his life, beginning in late June or early July 2005. During that time, he also displayed symptoms that were consistent with head trauma.

Family members and neighbors also testified at the habeas hearing that they witnessed the victim's mother neglecting and abusing him and his siblings in the months and weeks before his death. During that time they also observed that he displayed symptoms, such as lethargy, that were consistent with head trauma.

After the evidentiary hearing, the trial court entered findings of fact and conclusions of law. The court rejected applicant's allegations of actual innocence and prosecutorial and judicial misconduct, but found that defense counsel failed to conduct an adequate investigation and, as a result, failed to present evidence at trial that supported the defense. The court found that there is a reasonable probability that, but for defense counsel's failure to investigate and present evidence, the outcome would have been different. Based on its findings of fact and conclusions of law, the trial court recommended granting a new trial.

In post-conviction habeas corpus review, this Court will defer to and accept the convicting court's findings of fact and conclusions of law, as long as they are supported by the record. This is particularly true in matters concerning the weight and credibility of witnesses and, in the case of expert witnesses, the level and scope of their expertise.

The trial court's findings of fact and conclusions of law concerning defense counsel's failure to investigate and present evidence are supported by the record. Accordingly, we grant relief. The judgment in Cause No. 07-CR-721-G is set aside and applicant is remanded to the custody of the sheriff of Cameron County answer the charges against him. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division.

Delivered:    October 23, 2013
Do Not Publish